83 F.Supp.2d 1029 (2000)
Rita PHILLIPS, Plaintiff,
v.
TACO BELL CORP., Defendant.
No. 4:96-CV-1220 (CEJ).
United States District Court, E.D. Missouri, Eastern Division.
February 10, 2000.
*1030 *1031 John J. Carey, David O. Danis, Partner, Joseph P. Danis, Carey and Danis, St. Louis, MO, for Plaintiff.
James N. Foster, Jr., Partner, Geoffrey M. Gilbert, Jr., Stephanie O. Zorn, McMahon and Berger, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
JACKSON, District Judge.
This matter is before the Court for a bench trial on a stipulated record. Plaintiff and defendant jointly waived their right to a trial by jury and submitted the case to the Court.
Plaintiff filed suit against her former employer, Taco Bell, Corp., alleging sexual harassment in violation of Title VII, 42 U.S.C. § 2000e et seq.[1]
In Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and its companion case, Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), the Supreme Court held that under Title VII an employer is subject to vicarious liability to a victimized employee for actionable sexual harassment by a supervisor with immediate, or successively higher, authority over the employee. Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S.Ct. at 2270; Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. at 2292-93. These holdings have displaced the previous dichotomy of employer liability, which had previously existed between quid pro quo and hostile working environment claims, as was recognized by the Eighth Circuit and others. Under the formerly accepted analysis, if a quid pro quo claim was established, the employer was subject to vicarious liability. See Todd v. Ortho Biotech, Inc., 138 F.3d 733, 737 (8th Cir.1998); Davis v. Sioux City, 115 F.3d 1365, 1367 (8th Cir.1997). A successful hostile environment claim, under the former interpretation of Title VII, would not automatically make the employer liable, unless the employer had engaged in some degree of culpable behavior, such as if the employer knew, or should have known, of the harassment, and failed to take appropriate remedial action. Id. at 1369. In light of the vicarious liability principles announced in Faragher and Ellerth in place, the terms quid pro quo, and hostile environment, remain useful only for the "threshold question of whether a plaintiff can prove discrimination in violation of Title VII." Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S.Ct. at 2265.
A prima facie case of sexual harassment by a supervisor with immediate, or successively higher, authority over *1032 the plaintiff[2] will be established if the plaintiff shows that: 1) she was a member of a protected class; 2) she was subject to unwelcome sexual harassment; 3) the harassment was based on sex; and 4) the harassment affected a term, condition, or privilege of her employment. See Grozdanich v. Leisure Hills Health Center, Inc., 25 F.Supp.2d 953, 966 (D.Minn.1998).
Because Title VII is not a "general civility code," Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), sexual harassment must be "so `severe or pervasive' as to `alter the conditions of [the victim's] employment and create an abusive working environment'" before it can be said to create a hostile environment, under the statute. Faragher, 524 U.S. 775, 118 S.Ct. at 2283 [alteration in original], quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Therefore, a plaintiff asserting a hostile environment claim "`must show both that the offending conduct created an objectively hostile environment and that she subjectively perceived her working conditions as abusive.'" Rorie v. United Parcel Serv., Inc., 151 F.3d 757, 761 (8th Cir.1998), quoting Hathaway v. Runyon, 132 F.3d 1214, 1221 (8th Cir.1997). In other words, a hostile work environment exists where "sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." Cram v. Lamson & Sessions Co., 49 F.3d 466, 474 (8th Cir.1995), quoting Hall v. Gus Constr. Co., 842 F.2d 1010, 1013 (8th Cir.1988).
To assess whether the harassment is sufficiently severe, or pervasive, to alter the conditions of employment, the Court must look to the totality of the circumstances. See Nichols v. American Nat'l Ins. Co., 154 F.3d 875, 886 (8th Cir. 1998), quoting Faragher, 524 U.S. 775, 118 S.Ct. at 2283. In particular, the Court should consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). The Supreme Court has taken pains to emphasize that "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering `all the circumstances.'" Oncale, 523 U.S. at 76, 118 S.Ct. 998. Generally, for sexual harassment to be sufficiently severe, or pervasive, to create a hostile working environment, "more than a few isolated incidents are required." Kimzey v. Wal-Mart Stores, Inc., 107 F.3d 568, 573 (8th Cir.1997); see also, Montandon v. Farmland Indus., Inc., 116 F.3d 355, 358 (8th Cir.1997).
If no tangible employment action is taken against the employee, such as a discharge, a demotion, or an undesirable work reassignment, "a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence," which must be established by "two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Burlington Indus., 524 U.S. 742, 118 S.Ct. at 2270; Faragher, 524 U.S. 775, 118 S.Ct. at 2293. The Supreme Court's new affirmative defense was adopted to avoid "automatic" employer liability and to give credit to employers who make reasonable efforts to prevent and remedy sexual harassment. See Faragher, 524 U.S. 775, 118 S.Ct. at 2291-92.
*1033 After a review of the record, the Court finds that plaintiff has satisfied her burden of making her initial case, by a preponderance of the evidence. First, the Court finds that plaintiff was a member of a protected class. Second, the Court finds that plaintiff was subject to unwelcome sexual harassment. Plaintiff testified, in deposition, that she was sexually harassed by Duane Sonntag on five separate occasions and that each incident was unwelcome. On March 13, 1995, Sonntag squeezed plaintiff's breasts. On June 12, Sonntag grabbed the front of plaintiff's pants. On June 13, 1995, Sonntag grabbed plaintiff's hand and placed it on the front of his pants. On June 17, 1995, Sonntag rubbed his hands across plaintiff's buttocks. On June 18, 1995, Sonntag rubbed his hands across and down plaintiff's back.
Third, the Court finds that the harassment was based on plaintiff's sex. The incidents of sexual harassment by Sonntag, this case, including the squeezing of plaintiff's breasts, the placing of her hand on the front of his pants and the rubbing of her buttocks, were based on plaintiff's sex.
Fourth, the Court finds that the harassment affected a term, condition, or privilege of plaintiff's employment. Considering totality of the circumstances in this case, the Court finds that the five incidents of unwelcome sexual harassment were sufficiently severe and pervasive so as to alter the conditions of plaintiff's employment and create an abusive working environment. Both the physical nature of the incidents and their very number convince this Court that the plaintiff's working environment was significantly affected. Indeed, plaintiff "found these incidents humiliating and Sonntag's behavior made it difficult for [her] to perform her job duties." Phillips v. Taco Bell Corp., 156 F.3d 884, 888 (8th Cir.1998). The Court further finds that the offending conduct created an objectively hostile working environment and that plaintiff subjectively perceived her working conditions as abusive.
When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence. See Burlington Indus., 524 U.S. 742, 118 S.Ct. at 2270; Faragher, 524 U.S. 775, 118 S.Ct. at 2293. In this case, plaintiff does not contend that a tangible employment action was taken. Consequently, defendant may avail itself of the affirmative defense.
The Court finds that defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior. Defendant maintained a written, posted sexual harassment policy which advised all employees that sexual harassment was expressly prohibited and that any report of sexual harassment would be promptly and thoroughly investigated. Defendant's policy states in pertinent part:
Any employee who believes that he or she has been subjected to sexual harassment, or who has knowledge of any sexual harassment or any other employee, should immediately report it to his/her immediate supervisor. Employees who work at a Taco Bell restaurant may also report claims of sexual harassment to their Market Manager, Zone Manager of Human Resources, or Zone Vice President. The names and telephone numbers of these managers are listed on the "Need Help" Poster in each restaurant. Claims may also be brought to the attention of the Taco Bell Corporate Manager of Equal Employment Opportunity by calling the "Network (toll free)."
Plaintiff testified that she fully understood defendant's sexual harassment policy. On June 20, 1995, for the first time, plaintiff informed defendant of Sonntag's offensive conduct. She called a phone number found on the posted sexual harassment policy and left a message reporting her complaints of sexual harassment. The next day, June 21, 1995, Scott Williams returned plaintiff's phone call and had a face-to-face meeting with plaintiff. Williams told the plaintiff that her allegations *1034 would be taken very seriously and that a prompt and thorough investigation would be performed.
On June 22, 1995, Williams contacted the plaintiff and advised her that he would be personally conduct the investigation into her allegations. At that time, Williams explained to plaintiff that he had an upcoming business trip and wanted to know whether it would be all right with her if he were to begin his investigation upon his return. Additionally, Williams offered to give plaintiff a paid vacation while he was out of town. Plaintiff told Williams that he could begin the investigation after he returned to town and that she did not want the paid vacation. Williams advised plaintiff that should she have any further problems, she could be absent from work and be fully compensated for all time missed. On June 29, 1995, Williams received a message from the plaintiff stating that something else had occurred and that she wanted him to call her. Williams called plaintiff back and told her to take a paid, two week vacation. On July 14, 1995, Sonntag's employment with defendant was terminated for violating defendant's sexual harassment policy. Both defendant's sexual harassment policy and its actions pursuant to that policy convince the Court that defendant exercised reasonable care to prevent and promptly correct Sonntag's sexually harassing behavior.
The second prong of the affirmative defense requires that the plaintiff employee unreasonably fail to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. The first incident of sexual harassment occurred on March 13, 1995. On June 20, 1995, for the first time, plaintiff reported Sonntag's offensive conduct to defendant by calling Mr. Williams. The Court finds that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.[3]
Consequently, because the Court finds that defendant has successfully proved, by a preponderance of the evidence, the affirmative defense to liability, the Court will enter judgment in favor of the defendant.
Accordingly,
IT IS HEREBY ORDERED that judgment shall be entered in favor of defendant Taco Bell, Corp. and against plaintiff Rita Phillips. An appropriate Order shall accompany this Memorandum and Order.
NOTES
[1] Plaintiff's complaint contained claims under the Missouri Human Rights Act ("MHRA") § 213.010 et seq. The Court earlier granted defendant's motion for judgment as a matter of law on plaintiff's MHRA claims because plaintiff did not have a right to sue letter from the Missouri Commission on Human Rights. Plaintiff stipulates that she did not appeal this Court's decision to dismiss plaintiff's claims under the MHRA.

Additionally, the Court notes that despite the fact that plaintiff filed a two-count complaint (Count I for sexual discrimination and Count II for sexual harassment), this case involves only a claim of sexual harassment.
[2] The parties have stipulated that Duane Sonntag, the man who harassed plaintiff, was plaintiff's supervisor throughout her employment with defendant.
[3] The Court hereby expressly limits its findings under the second prong of the affirmative defense to the facts of this case. A delay of three months and seven days between the first incident of harassment and a plaintiff's first complaint of harassment certainly may not alone prove that the plaintiff employee unreasonably failed to take advantage of any protective or corrective opportunities provided by the employer or to avoid harm otherwise.